IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARVIN BRUCE NEER,

                    Plaintiff,                    OPINION AND ORDER

v.

                                                12-cv-606-wmc

DOUG SHUPE,

                    Defendant.

---

In this proposed civil action, plaintiff Marvin Bruce Neer alleges breach of contract and misrepresentation claims against defendant Doug Shupe, the owner of My Marine Tracker, concerning the sale of two large marine engines. Neer asks for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. From Neer's financial affidavit, the court previously concluded that he is unable to prepay the fee for filing this lawsuit. (Dkt. #3.) The court's next obligation is to determine whether Neer's proposed action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because the court lacks subject matter jurisdiction over Neer's claim, he will not be allowed to proceed.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes these probative facts based on the allegations in his complaint:

- Plantiff Marvin Bruce Neer is a resident of Wisconsin.

- Defendant Doug Shupe is the owner of My Marine Tracker.  Neer lists his address as N5608 Cheyenne Drive, Onalaska, WI 54650.

- My Marine Tracker appears to have sold two large marine engines to Neer.

- Neer alleges that Shupe knowingly and willfully misrepresented (1) the condition of these engines; (2) the year they were manufactured; (3) their warranties; and (4) the total number of running hours of these engines.

- Neer also alleges that Shupe failed to convert the two marine engines as promised and paid for by Neer.

OPINION

As the court understands Neer's complaint, he is stating a claim for breach of contract, misrepresentation or fraud, and perhaps a Wisconsin consumer fraud act claim. The complaint lacks sufficient detail to determine the exact contours of Neer's claims, but what is clear is that *none* of the causes of action appear to arise out of federal law. Instead, all of the claims are state law claims, whether arising under the common law or under Wisconsin state statutes. Accordingly, the only way this federal court would have jurisdiction is under this court's diversity jurisdiction.

Title 28 U.S.C. § 1332(a) provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and it between--
>
> (1) Citizens of different states[.]

There is nothing in the complaint to indicate that Neer and Shupe are citizens of different states.  Neer actually alleges that both he and defendant Shupe reside in Wisconsin.  Although this is not quite the same as where either is "domiciled" for purposes of citizenship, it makes any allegations of diversity of citizenship all the more unlikely.

Absent such an allegation -- and an allegation that the amount in controversy exceeds $75,000 -- the court cannot adjudicate Neer's claim against Shupe.  If Neer wishes to pursue his claims against Shupe, he will have to do so in state court.

ORDER

IT IS ORDERED that the complaint of plaintiff Marvin Bruce Neer is dismissed for lack of subject matter jurisdiction.  The clerk of court is directed to close the case.

Entered this 5th day of June, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge